IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL S. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-027-KAJ |
| | ) |
| FIRST CORRECTIONAL | ) |
| MEDICAL, L.L.C., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

This matter is before the Court as a result of letters filed by plaintiff Daniel S. Green ("Green") advising the Court that, upon his transfer to the Central Violation Center, Smyrna, Delaware, his law library access and access to legal envelopes was eliminated (D.I. 109, 110). He seeks the Court's assistance to remedy the situation.

**I.     PROCEDURAL BACKGROUND**

Green, who brings this action pursuant to 42 U.S.C. § 1983, is a *pro se* litigant and an inmate, currently housed at the Central Violation Center, Smyrna, Delaware. (*See* D.I. 102). Green alleges an Eighth Amendment violation of deliberate indifference to a serious medical need during the time that he was incarcerated at the Howard R. Young Correctional Institution. The sole remaining defendant is First Correctional Medical ("FCM").

During the course of this litigation Green was transferred to the Central Violation Center, Smyrna, Delaware. According to Green, due to his work release transfer, he has no law library access to allow him to adequately research and prosecute his case.

## II. LAW LIBRARY ACCESS

Persons convicted of serious crimes and confined to penal institutions retain the right of meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817 (1977). This access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. This right "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989) (quoting *Turner v. Safley,* 482 U.S. 78, 85 (1987). Thus, courts have been called upon to review the balance struck by prison officials between the penal institution's need to maintain security within its walls and the rights of prisoners. *Howard v. Snyder,* 389 F.Supp.2d 589, 593 (D.Del. 2005). Green is not required to have access to legal materials or to a law library himself, but he must at least have access to a prison paralegal or paging system by which to obtain legal materials. *Abdul-Akbar v. Watson,* 4 F.3d 195, 203 (3d Cir.1993) (holding that segregated prisoners who do not have access to an institution's main law library must have some means by which documents and materials can be identified by and furnished to them in a timely fashion).

Green's complaints are troubling. I have repeatedly denied Green's motions to appoint counsel relying, in part, upon the belief that he had access to the courts as that access is defined by the U.S. Supreme Court and the Court of Appeals for the Third Circuit. According to Green, he has absolutely no meaningful access to the courts.

Therefore, the clerk of the court is directed to send a copy of this memorandum

2

order to the warden for the Central Violation Center, Smyrna, Delaware and to the Attorney General of the State of Delaware, 820 N. French Street, Wilmington, Delaware, 19801, so that they may respond to this issue if they so choose, and advise the Court of the policies for law library access at Central Violation Center, Smyrna, Delaware.

## III. CONCLUSION

IT IS THEREFORE ORDERED as follows:

1. The clerk of the court is directed to forward a copy of Green's letters regarding lack of law library access (D.I. 109, 110) and this memorandum order to the warden of the Central Violation Center, Smyrna, Delaware, and the Attorney General for the State of Delaware;

2. On or before **March 1, 2006,** the warden of the Central Violation Center, Smyrna, Delaware, and the Attorney General for the State of Delaware may file a response to this order.

UNITED STATES DISTRICT JUDGE

February 1, 2006
Wilmington, Delaware

3