IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL S. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-027 (KAJ) |
| | ) |
| FIRST CORRECTIONAL MEDICAL, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

Before me is a Motion to Dismiss for failure to state a claim upon which relief can be granted (D.I. 100, the "Motion"), filed by the defendant, First Correctional Medical ("FCM"). The Complaint, (Docket Item ["D.I."] 2) filed by prison inmate Daniel Green ("Green"), effectively alleges that FCM violated his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment.

Jurisdiction is appropriate under 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 1331.  For the reasons that follow, the Motion is denied.

**II.    BACKGROUND**[1]

At the time of the events giving rise to this claim, Green, who is proceeding pro se, was incarcerated at the Howard R. Young Correctional Institute.  (D.I. 2 at 2.)  In early December 2003, Green filed a sick call slip with FCM, requesting medical

---

[1] The following background information is based on Green's allegations which are assumed to be true for purposes of this Motion.

attention due to pain and swelling in his left hand. (*Id.* at 3.) FCM did not answer Green's request until he again complained of pain to a correctional officer on December 9. (*Id.*) A nurse took x-rays and determined that Green's hand was fractured. (*Id.*) The nurse also stated she would send the x-rays to a radiologist to evaluate a suspicious spot on Green's left hand. (*Id.*) On December 11, Green asked a correctional officer to call FCM and request pain medication and a splint, neither of which were provided at the December 9 appointment. (*Id.*) FCM rejected this request, and Green subsequently filed a grievance for refusal of medical help. (*Id.*)

Later that same day, Green showed his hand to another correctional officer, who called FCM. (*Id.*) In response to the correctional officer's call, a nurse examined Green's hand, noting that it felt "ice cold." (*Id.*) Because of the swelling, the nurse informed Green that a second nurse would look at the hand in the morning. (*Id.*) The next day, Green was seen by the second nurse who denied there had been any previous report of a fracture in Green's left hand. (*Id.*) Nevertheless, Green was given a seven day prescription for pain medication. (*Id.*)

Green still had not heard whether a radiology report had been prepared, and, when he asked a nurse about it, he was informed that the report could not be located. (*Id.* at 3-4). Green was not given any more pain medication and received no more attention concerning his left hand until December 24. (*Id.* at 4.) On that date, FCM approached Green to discuss a grievance he had filed. (*Id.*) Green alleges FCM proposed that they would address the problems with his hand, if he "sign[ed] off" on his

grievance, which appears to mean that the grievance would be dropped. (*Id.*) Green refused to accept that proposal. (*Id.*)

On December 30, the results from the radiologist were found and Green was told that there was nothing wrong with his hand. (*Id.* at 5.) While waiting for the results, Green again complained of pain, and the nurse on duty stated she could only provide him with the pain reliever Tylenol. (*Id.*) Green alleges that FCM is responsible for pain and suffering he endured because of his untreated hand. (*Id.* at 4.)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." A motion to dismiss requires a court to accept as true all material allegations of the complaint. *See Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004). A court may grant a motion to dismiss only if after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.* 221 F.3d 472, 481-82 (3d Cir. 2000). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991).

## IV. DISCUSSION

### A. Exhaustion of Remedies

Green essentially alleges that the Defendant's denial of medical care violated his Eighth Amendment right to be free from cruel and unusual punishment. (D.I. 2 at 4.) Before reaching that allegation, I will address FCM's assertion that Green has failed to

3

exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The PLRA states: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Under the PLRA, a federal court must dismiss an Eighth Amendment claim when it is proven that a plaintiff has not exhausted administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) (dismissing Eighth Amendment claim for failure to exhaust remedies where plaintiff failed to appeal under correctional facility's grievance policy before filing complaint.) However, contrary to FCM's assertion that "[i]n the absence of proof of exhaustion of all administrative remedies, plaintiff's complaint must be dismissed[,]" (D.I. 100 at ¶ 18), the United States Court of Appeals for the Third Circuit held "that defendants must plead and prove failure to exhaust as an affirmative defense." *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002) (reasoning that it appears "considerably easier for a prison administrator to show a failure to exhaust than it is for a prisoner to demonstrate exhaustion").

This does not mean that the affirmative defense that a plaintiff has failed to exhaust administrative remedies can never be grounds to grant a 12(b)(6) motion to dismiss. *See Ray*, 258 F.3d at 295 n.8 ("We do not suggest that defendants may not raise failure to exhaust as the basis for a motion to dismiss in appropriate cases."). However, the Third Circuit has held that the granting of a 12(b)(6) motion on "an affirmative defense, ... is appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff." *Flight Systems Inc. v. Electric Data Systems Corp.*,

4

112 F.3d 124, 127 (3d Cir. 1997). Here, there is nothing on the face of the complaint that suggests Green did not exhaust his administrative remedies, and FCM has no other basis in the pleadings for saying there is an "insuperable barrier" to Green's recovery. (D.I. 2.) Therefore, FCM has not met its burden of showing that Green failed to exhaust administrative remedies and, thus, the Motion to Dismiss must be denied as to that affirmative defense.

      B.      Failure to State an Eighth Amendment Claim

FCM also argues that Green has failed to allege any facts in the complaint that amount to an Eighth Amendment violation. (D.I. 100 at ¶¶ 14-16.) Viewing the facts in the light most favorable to Green, however, I find that he has adequately alleged a violation of his constitutional rights, and the Motion must therefore be denied.

Under the Eighth Amendment, the states have a duty to provide "adequate medical care to those it is punishing by incarceration." *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978). The Supreme Court has held that "[i]n order to state a cognizable [Eighth Amendment] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To meet this deliberate indifference standard, a plaintiff must show that a prison official consciously disregarded a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994).

Here, Green did not name any individual prison officials or FCM employees as defendants, and, under the Eighth Amendment, FCM cannot be held vicariously liable for its employees actions. *See Taylor v. Plousis*, 101 F. Supp. 2d 255, 263 n.4 (D.N.J. 2000) ("Almost every court to have considered the issue has held that a private

corporation, like a municipality, may not be held vicariously liable under § 1983."). To impose supervisory liability on FCM for the actions of its employees, Green must show that there was "a specific supervisory practice or procedure that [FCM] failed to employ[,]" *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d 1989), and that "(1) the existing custom and practice without that specific practice or procedure created an unreasonable risk [of Eighth Amendment injury], (2) [FCM] was aware that this unreasonable risk existed, (3) [FCM] was indifferent to that risk," and (4) FCM's failure to follow that practice or procedure resulted in Green's injury. *Id.*

While Green's complaint does not explicitly set forth such a policy or the existing custom and practice, to require him, a pro se inmate plaintiff, to do so and to attribute such to FCM, and show that FCM was indifferent to the risk created, would be "unduly harsh" at this stage. *See Carter v. City of Philadelphia*, 181 F.3d 339, 357-58 (3d Cir. 1999) (holding that inmate plaintiffs cannot be "expected to know without discovery exactly what training policies were in place and how they were adopted.") In his complaint, Green alleges that his hand was fractured and FCM employees misplaced his files, denied diagnosing that the hand was fractured, left him without adequate pain medication or other treatment, and tried to bargain with him to hide their mistreatment of him. These allegations are sufficient to permit further development of the record. *See Ward v. Taylor,* No. 04-1391 2006 WL 839402, at *6 (D. Del. Mar. 30, 2006).[2]

---

[2] FCM also asserts (D.I. 100 at ¶ 17) that because Green's complaint was not accompanied by an affidavit of merit or a motion to extend time for filing such an affidavit, the state law claims must be dismissed. *Jackson v. First Correctional Medical Servs.,* 380 F. Supp. 2d 387, 392 (D. Del 2005). An affidavit of merit is required only for state law medical malpractice claims pursuant to DEL CODE ANN. tit. 18, § 6853. Although it is unclear whether Green is raising such a claim, to the extent that Green's

6

C.   Motion to Appoint Counsel

In an attachment to his Complaint, Green states that he "would like the court to appoint [him] a lawyer." (D.I. 2 at 5.) I will treat this statement as a motion by Green for appointment of counsel. A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir.1997); *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir.1993). Under certain circumstances, the Court may in its discretion appoint an attorney to represent an indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1). However, these circumstances are not present at this stage,[3] and Green's Motion for Appointment of Counsel will be denied without prejudice.

---

complaint alleges a state law medical negligence claim, the Motion will be granted, and Green's medical negligence claims will be dismissed without prejudice.

[3] In *Tabron* and again in *Parham*, the Third Circuit Court of Appeals articulated the standard for evaluating a motion for appointment of counsel filed by a *pro se* plaintiff. Initially, the Court must examine the merits of a plaintiff's claim to determine whether it has some arguable merit in fact and law. *See Parham*, 126 F.3d at 457 (*citing Tabron*, 6 F.3d at 157); *accord Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir.1981) (per curiam) (cited with approval in *Parham* and *Tabron* ). Only if the Court is satisfied that the claim is factually and legally meritorious, should it then examine the following factors: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Parham*, 126 F.3d at 457-58 (*citing Tabron*, 6 F.3d at 155-56, 157 n. 5). This list, of course, is illustrative and, by no means, exclusive. *See id.* at 458. Nevertheless, it provides a sufficient foundation for decision. Green's communication to the court thus far has demonstrated that he is able to present his own case. The issues raised thus far are not beyond Green's capacity to understand or to properly develop.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that FCM's Motion to Dismiss is GRANTED to the extent that any state law medical negligence claims raised by Green are dismissed, and is DENIED in all other respects. IT IS FURTHER ORDERED that Green's Motion for Appointment of Counsel is DENIED without prejudice.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE

May 10, 2006
Wilmington, Delaware