IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL S. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-027-KAJ |
| | ) |
| FIRST CORRECTIONAL | ) |
| MEDICAL, L.L.C., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Presently before me is a letter filed by plaintiff Daniel S. Green ("Green") which I am construing as a motion for issuance of subpoena to the Delaware Department of Correction and the Howard R. Young Correctional Institution for production of records. (D.I. 142.)  For the reasons set forth below, I will grant the motion.

**II.   BACKGROUND**

Green filed this action pursuant to 42 U.S.C. § 1983.  He is an inmate incarcerated within the Delaware Department of Correction ("DOC").  Green proceeds *pro se* and was permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (D.I. 4.)  He is currently housed at the Sussex Correctional Institute, Georgetown, Delaware.  (D.I. 137.)  Green alleges an eighth amendment violation of deliberate indifference to a serious medical need during the time that he was housed at the Howard R. Young Correctional Institution.  More particularly, he alleges that commencing in approximately December 2003, he received improper medical treatment of his left hand.  Green originally named as a defendant the Howard R. Young

Correctional Institution and unsuccessful sought discovery from it before I dismissed it as a defendant.  Green also sought discovery from the remaining defendant, First Correctional Medical ("FCM"), and in compliance with my February 1, 2006 and September 20, 2006 orders, it produced medical records current through March 2004. In letters to me dated February 24, 2006, and October 16, 2006, FCM indicated that it has possession of Green's medical records through March 2004, but that it is not the custodian of Green's other medical records or grievances and no longer has access to such documents.  (D.I. 122, 141.)  FCM states that the documents are in the possession of the DOC, and that Green must contact the DOC to obtain such records. *Id.*  Hence, the filing by Green seeking assistance in obtaining the records.

### III.  DISCUSSION

Green is seeking through the discovery process the following documents: 1) policies, directives or instructions governing sick call procedures; 2) his sick call request sheets from December 2003 to July 2005; 3) his complete medical records from January 1997 to July 2005; 4) any logs or documentation reflecting grievances filed by him and responses to same from December 2003 to July 2005; 5) all documents created by medical staff members in response to medical grievances filed by Green from December 2003 to March 2004; and 6) and an all encompassing request for any and all documents concerning his medical care, not previously requested, created by any medical staff member from December 2003 to July 2005.

Pursuant to Fed.R.Civ.P. 26(b)(1) "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim...of any party, including the existence,

2

description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter....Relevant information need not be admissible at the trial if the discovery appears *reasonably calculated* to lead to the discovery of admissible evidence." Rule 45 provides for the issuance of subpoenas to non-parties to produce documents in their possession, custody or control. Fed. R. Civ. P. 45(a).

The heart of Green's § 1983 claims concerns his medical treatment. As a result, the majority of the records he requests are relevant to the issues in the case. Therefore, I will grant Green's motion for issuance of subpoena. Because Green proceeds *pro se*, I am dispensing with the formal requirements of Fed. R. Civ. P. 45. I note, however, that this order contains the information required by Rule 45(a).

## IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the motion for issuance of a subpoena (D.I. 142) is GRANTED. The Delaware Department of Correction and Howard R. Young Correctional Institution shall produce the following documents:

- Green's sick call request sheets from December 2003 to July 2005;
- Green's complete medical records from November 2003 to July 2005;
- Logs or documentation reflecting grievances filed by Green for the time period from December 2003 to July 2005; and,
- Documents created by medical staff members in response to medical grievances filed by Green for the time period from December 2003 to July 2005.

The Delaware Department of Correction and Howard R. Young Correctional Institution shall provide the records to Green at his current address, and they shall comply with this order within 30 days. Failure to timely produce the documents may result in a finding of contempt pursuant to Fed. R. Civ. P. 45(e). The Delaware

Department of Correction and Howard R. Young Correctional Institution shall advise the Court if any of the documents are not in their possession. If the Delaware Department of Correction and Howard R. Young Correctional Institution believe any of the documents implicate a security concern, then they shall submit the document(s) in question to the Court for an *in camera* inspection, along with a brief explaining why the document(s) pose a security concern.

The Clerk of the Court is directed to serve a copy of this order by U.S. mail, certified, return receipt, to the Delaware Department of Correction, the Howard R. Young Correctional Institution, and the Attorney General for the State of Delaware.

_____
UNITED STATES DISTRICT JUDGE

November 13, 2006
Wilmington, Delaware